UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

PATOO ENTERPRISES, INC.
and SAM PATTERSON TRUCK
BROKERS, INC.,

      Plaintiffs,

v.                                                    Case No. 8:14-cv-863-T-24 TGW

LANDMARK AMERICAN INSURANCE
COMPANY, COMMERCE & INDUSTRY
INSURANCE COMPANY, and
AMERICAN INTERNATIONAL GROUP,
INC.,

      Defendants.
_____/

**ORDER**

This cause comes before the Court on Defendant American International Group, Inc.'s Motion to Dismiss. (Doc. No. 17). Plaintiffs oppose the motion. (Doc. No. 25). As explained below, the motion is granted.

**I. Standard of Review**

In deciding a motion to dismiss, the district court is required to view the complaint in the light most favorable to the plaintiff. See Murphy v. Federal Deposit Ins. Corp., 208 F.3d 959, 962 (11th Cir. 2000)(citing Kirby v. Siegelman, 195 F.3d 1285, 1289 (11th Cir. 1999)). The Federal Rules of Civil Procedure do not require a claimant to set out in detail the facts upon which he bases his claim. Instead, Rule 8(a)(2) requires a short and plain statement of the claim showing that the pleader is entitled to relief in order to give the defendant fair notice of what the claim is and the grounds upon which it rests. See Bell Atlantic Corp. v. Twombly, 127 S. Ct.

1955, 1964 (2007)(citation omitted).  As such, a plaintiff is required to allege "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id. at 1965 (citation omitted).  While the Court must assume that all of the allegations in the complaint are true, dismissal is appropriate if the allegations do not "raise [the plaintiff's] right to relief above the speculative level." Id. (citation omitted).  The standard on a 12(b)(6) motion is not whether the plaintiff will ultimately prevail in his or her theories, but whether the allegations are sufficient to allow the plaintiff to conduct discovery in an attempt to prove the allegations.  See Jackam v. Hospital Corp. of Am. Mideast, Ltd., 800 F.2d 1577, 1579 (11th Cir. 1986).

## II.  Background

Plaintiffs Patoo Enterprises, Inc. ("Patoo") and Sam Patterson Truck Brokers, Inc. ("SPTB") allege the following in their complaint (Doc. No.1): SPTB is a licensed transportation broker, and Patoo is the parent company for SPTB.  Plaintiffs purchased a commercial general liability ("CGL") insurance policy from Defendant Landmark American Insurance Company ("Landmark").

Additionally, Plaintiffs purchased an umbrella policy from Defendant Commerce & Industry Insurance Company ("Commerce").  Defendant American International Group, Inc. ("AIG") is the parent company of Commerce.

While the CGL and umbrella policies were in effect, a car accident occurred, and a lawsuit was filed against Plaintiffs.  Plaintiffs made claims for coverage under both policies, and their claims were denied.  With respect to the umbrella policy issued by Commerce, Plaintiffs allege that "Corey Sanders, Senior Analyst for AIG Excess Casualty Claims, sent a letter to

counsel for Plaintiffs denying coverage" and that Defendant AIG "was the entity handling Plaintiffs' claim made with Commerce under the Umbrella Policy." (Doc. No. 1, ¶ 57-58).

As a result of the denial of their claims, Plaintiffs filed this lawsuit, asserting claims against Defendants. Specifically, in Count I, Plaintiffs assert a declaratory judgment claim against Landmark, seeking a declaration that Landmark is required to provide coverage under the CGL policy and to contribute to Plaintiffs' defense in the underlying action. In Count II, Plaintiffs assert a declaratory judgment claim against Commerce and AIG, seeking a declaration that Commerce and AIG are required to provide coverage under the umbrella policy and to contribute to Plaintiffs' defense in the underlying action.

### III.  Motion to Dismiss

AIG moves to dismiss the declaratory judgment claim against it, arguing: (1) the Court lacks personal jurisdiction over it, and (2) Plaintiffs fail to state a claim against it. Because the Court agrees that Plaintiffs fail to state a claim against AIG, the Court need not reach AIG's personal jurisdiction argument.

AIG argues that Plaintiffs fail to state a claim against it, because AIG is a separate and distinct company from Commerce, the entity that issued the umbrella policy. This argument is consistent with the allegations in the complaint, as Plaintiffs allege that Commerce issued the umbrella policy and that AIG is the parent company of Commerce. (Doc. No. 1, ¶ 6, 48, 58). Accordingly, AIG argues that since it did not issue the umbrella policy to Plaintiffs, it is not a proper party with respect to a declaratory judgment claim regarding the obligation to provide coverage and a defense under the umbrella policy. The Court agrees with AIG.

Plaintiffs respond that because they allege that AIG handled their claim under the

umbrella policy and attach a document to the complaint[1] on AIG letterhead denying their claim under the umbrella policy, AIG is a proper party to this lawsuit. Thus, argue Plaintiffs, because AIG denied their claim under the umbrella policy, AIG is a proper party.

Plaintiffs' allegation that AIG made the decision to deny their claim under the umbrella policy does not make AIG a proper party to a declaratory judgment action regarding coverage under the umbrella policy. If the Court determines that Plaintiffs are entitled to coverage and a defense under the umbrella policy, the only entity required to provide such coverage and defense is Defendant Commerce, as Commerce is the entity alleged to have issued the umbrella policy. Thus, Commerce is the only proper party with respect to Count II, and AIG must be dismissed.

## IV.  Conclusion

Accordingly, it is ORDERED AND ADJUDGED that AIG's Motion to Dismiss (Doc. No. 17) is **GRANTED**, and Plaintiffs' claim against AIG is dismissed.

**DONE AND ORDERED** at Tampa, Florida, this 15th day of July, 2014.

*Susan C. Bucklew*
SUSAN C. BUCKLEW
United States District Judge

Copies to:
Counsel of Record

---

[1](Doc. No. 1-7)

4